PETER J. METZDORF v. WESTERN SUPPLY COMPANY.[1]

February 27, 1895.

No. 9138.

Contract of Employment—Evidence—Compensation.

*Held*, that the evidence produced upon the trial of this cause was sufficient to establish an agreement between the parties whereby the plaintiff was to work for defendant as a salesman for a definite period of time,. and, in any event, was to be paid a certain sum for each month's service.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial after a verdict in favor of plaintiff for $287.20.    Affirmed.

*James H. Barnard*, for appellant.

*Stiles W. Burr*, for respondent.

COLLINS, J.    The complaint herein alleged that on June 15,. 1893, while plaintiff was in .defendant's employ as a salesman, they entered into a contract whereby plaintiff agreed to remain in defendant's service until January 1, 1894, for which he was to be paid by the latter the sum of $25 for the balance of the month of June, $50 for the month of July, $75 for the month of August, and thereafter at the rate of $100 per month; that plaintiff was discharged without reasonable cause July 15.    The action was brought to recover the amount claimed to be due as wages subsequent to the discharge. This agreement was denied in the answer, and it was therein alleged that on June 15 it was agreed that plaintiff should be paid at the rate of $50 per month from that day, and it was also agreed that if plaintiff's services should thereafter be and continue to be satisfactory to defendant, and if the sales made by him should thereafter show a constant increase, his salary should be raised $25 per month, commencing with August, until his salary should reach the sum of $100 per month, the amount theretofore paid him.    It was alleged that plaintiff's services thereafter were and continued to be unsatisfactory; that his sales steadily decreased; and that, after he had

[1] Reported in 62 N. W. 397.

absented himself from defendant's service for several days, the latter, on July 15, refused to allow him to remain in its employ.    It will be seen that the principal issues raised by these pleadings were as to the length of time plaintiff was to remain in defendant's employ, whether an increase of salary, commencing with the month of August, was dependent upon the satisfaction given by plaintiff and a constant increase of his sales, as claimed by defendant, or was an unconditional promise, as asserted by plaintiff, and whether, in case the contract was as claimed by the latter, defendant had good cause for his discharge.    We call attention to the answer, for, notwithstanding its denials that plaintiff was to be employed until January 1, it admits that June 15, while the latter was receiving a salary of $100 per month, it was agreed that he should remain at $50, and, under certain conditions, his salary was to be raised at the rate of $25 per month, commencing August 1, until it reached the old figure. The answer failed to admit squarely a hiring for a definite period, but its allegations amounted to an admission that plaintiff was to remain until October 1 at $50 per month; and if his services were satisfactory, and his sales increased, he was to receive $75 for the month of August, and $100 for September.    The plaintiff's testimony was that about June 15 defendant's manager notified him that, on account of the business depression, his salary would have to be reduced $100 for the year, which would be done by reducing it $25 for the month of June, $50 for July, and $25 for August, and after that, if business increased, he should be paid his full salary for the remainder of the year.    He accepted these terms, and worked until July 5, when he was discharged, his salary being paid up to July 15.    There was no testimony which would have warranted the jury in finding that business had improved, so as to entitle plaintiff to receive at the rate of $100 per month for any part of the time. The jury were instructed that if they believed the plaintiff's version of the agreement made June 15 to be correct, and also found from the evidence that he was discharged without reasonable cause, he would be entitled to recover at the rate of $50 per month for July, $75 for the month of August, and $50 for each succeeding month; and from the amount of the verdict it is clear that the jury accepted plaintiff's statements as to what was agreed upon June 15.    Taking the admissions in the answer already referred to, and the fact that, when

the conversation was had, plaintiff was already in defendant's employ at a salary of $100 per month, which could not have been reduced to less than that sum for the month of June without his consent, his testimony tended to establish a contract for the remainder of the year, and that, in any event, he was to receive a salary of $50 per month for each month except August. For that month he was to be paid $75. It follows that the charge was strictly correct, and that the verdict was warranted by the evidence.

Order affirmed.